**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRITNEY XIOMARA PRIETO SALAZAR (A No. 245-747-906),<br>Petitioner,<br>v.<br>KAISER, et al.,<br>Respondents. | Case No. 1:25-cv-01017-JLT-SAB<br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br>(Doc. 1) |

## I. INTRODUCTION

Before the Court is Britney Xiomara Prieto Salazar's petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging her unlawful detention, which occurred back on August 8, 2025. (Doc. 1.) On August 26, 2025, this Court granted Petitioner's motion for preliminary injunction and ordered Petitioner's immediate release. (Doc. 13 at 20.) Petitioner has since been released from ICE custody. (*See* Doc. 17 at 1.) Respondents request this court deny the habeas petition as moot. (Doc. 17 at 2.) By contrast, Petitioner requests a determination on the merits of her habeas petition, which she contends is not moot because "preliminary injunctive relief is, by definition, temporary" and there is no assurance that the alleged constitutional violation will not occur again in the future. (Doc. 20 at 2, 4–5.) For the reasons set forth below, the Court **GRANTS** the petition for writ of habeas corpus.

///

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is an asylum seeker from Colombia, who entered the United States in 2024 where she was encountered by immigration officials and released on her own recognizance. (Doc. 1 at 2.) In September 2024, Petitioner applied for asylum and obtained a work permit. (*Id.*) On August 8, 2025, while Petitioner's asylum proceedings were ongoing, the Department of Homeland Security rearrested the Petitioner and attempted to place her into expedited removal under 8 U.S.C. § 1225(b)(1). (*Id.*) However, she was not placed in expedited removal and her removal proceedings were dismissed.[1] (*See* Doc. 17 at 1–2.) Petitioner has no criminal history and there is no indication that she ever violated a condition of parole or posed a flight risk or danger to the community. (*See* Doc. 13 at 16.)

On August 26, 2025, this Court granted Petitioner's motion for preliminary injunction and ordered Petitioner's immediate release. (*Id.* at 20.) In doing so, this Court found a violation of procedural due process under the Fifth Amendment and enjoined the Government from re-detaining Petitioner absent compliance with constitutional protections. (*Id.*) The Court allowed the parties to file additional briefs on the merits of the habeas petition within sixty days. (*Id.*) Petitioner filed an additional brief in support of the habeas petition (*see* Doc. 15), and Respondents failed to file further briefing. (*See* Doc. 17 at 1.) Pending before this Court is

---

[1] Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that the Immigration Judge dismissed Petitioner's removal proceedings on October 30, 2025. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited August 6, 2026). As such, Petitioner is not currently in removal proceedings or subject to a final order of removal.

Petitioner's habeas petition, (Doc. 1), which Respondents argue is now moot considering Petitioner's release from DHS custody. (Doc. 17.)

**IV. DISCUSSION**

As a threshold matter, this Court finds that the case is not moot. First, this Court's prior order conducted an analysis structured around the preliminary injunction standard enumerated in *Winter v. Nat. Res. Def. Counsel*, *Inc.*, 555 U.S. 7, 20 (2008), which requires only a *likelihood* of success on the merits. (Doc. 13 at 11.) In doing so, this Court found that Petitioner was likely to succeed on the merits of her procedural due process claim because the Government's argument that Petitioner was subject to expedited removal under § 1225(b)(1) and therefore mandatory detention raised serious doubts. (*Id*. at 13–16.) In essence, that determination found only that the Government *likely* violated Petitioner's procedural due process. *See Pablo Sequen v. Albarran, et al.*, 806 F. Supp. 3d 1069, 1080–81 (N.D. Cal. Oct. 15, 2025) (finding that because the court's preliminary injunction order declared only that the petitioner's re-detention without a pre-deprivation hearing *likely* violated the Fifth Amendment, it did not fully adjudicate petitioner's claims); *Lackey v. Stinnie*, 604 U.S. 192, 200–201 (2025) ("Preliminary injunctions, however, do not conclusively resolve legal disputes. In awarding preliminary injunctions, courts determine if a plaintiff is *likely* to succeed on the merits . . .") (emphasis in original).

Second, the threat of re-detention remains. Respondents have not disavowed their practices that Petitioner is subject to mandatory detention under § 1225(b). (*See generally* Doc. 17.) "[T]his Court [remains] concerned about the potential for Respondents to resume Petitioner's detention under circumstances this Court has found are likely to be unlawful." *Arody Tome Ramos v. Noem*, *et al.*, No. 5:26-cv-00064-MEMF-ADS, 2026 WL 851369, at *3 (C.D. Cal. Feb. 23, 2026). Therefore, in so far as Petitioner requests an injunction against her future re-detention, the case is not moot. *See id*. (explaining that the case is not moot when "Respondents have not disavowed their practices, have not adjusted their policies, and have not assured Petitioner that he is not subject to re-detention"); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) ("[H]abeas corpus relief is not limited to immediate release from illegal custody, but that the writ is available as well to attack future confinement and obtain future releases.").

Moving to the merits of the habeas petition, Respondents filed an opposition arguing only that Petitioner's detention is "mandatory" under expedited removal procedures set forth in 8 U.S.C. § 1225(b).[2] (Doc. 9 at 4–6.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases finding this legal position to be incorrect and the detention unlawful. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, and for the reasons stated in this Court's prior order (*see* Doc. 13), the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Procedural Due Process Clause of the Fifth Amendment.[3]

For the foregoing reasons, the Court **ORDERS:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

2. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the Government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the Government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or

---

[2] Because Respondents failed to file additional optional briefing on the underlying habeas petition, (*see* Doc. 17 at 1), Respondents rely entirely on their initial opposition to the TRO/ preliminary injunction. (Doc. 9.)

[3] Though Petitioner argues that she also raised claims arising under the Fourth Amendment and the Administrative Procedure Act, (Doc. 20 at 2), the Court notes that the habeas petition only raises claims of substantive and procedural due process under the Fifth Amendment, (*see* Doc. 1 at 15–17). Further, because this Court finds that Petitioner is entitled to relief under the Fifth Amendment's procedural due process clause, it need not address the other claims.

danger to the community, such that physical custody is legally justified[4];

3. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _August 7, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

4 If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal, and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.